IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL JAMES PARKS,** | : | **CIVIL NO. 1:13-CV-00742** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **CHARLES E. SAMUELS, JR., et al.,** | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

Before the court is Plaintiff Darrell James Park's motion for reconsideration of the court's memorandum and order of April 22, 2013 (Doc. 11), dismissing Plaintiff's § 1983 complaint (Doc. 1) pursuant to the provisions of 28 U.S.C. § 1915(g) without prejudice to refiling if Plaintiff submits the full filing fee. For the reasons that follow, the instant motion (Doc. 11) will be denied.

## **I.** **Background**

Plaintiff, an inmate incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated this action with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983 on February 22, 2013. (Doc. 1.) In the complaint, Plaintiff alleged that since 1998, BOP officials, including the Defendants, have been denying him an adequate law library, legal assistance, indigent free copies of legal documents, and privacy, for purposes of pursuing his legal claims in courts, including those in the District of Columbia. (*Id*.) He also claimed that because the

BOP is requiring that he pay for copies, he has been unable to purchase from the commissary "soap, toothpaste, lotion, deodorant, shampoo, conditioner, hair grease (necessities), stamps, pens, etc.," as well as legal materials. (*Id*. at 9.) He also complained that he has been denied adequate access to legal research because USP-Lewisburg requires prisoners to do legal research on a computer rather than with books. (*Id*. at 10.) As relief, Plaintiff sought punitive and compensatory damages, as well as declaratory relief. Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. 8.)

After screening the complaint under the Prison Litigation Reform Act of 1996 ("PLRA"), the court concluded that the complaint should be dismissed without prejudice pursuant to the "three strikes" provision in 28 U.S.C. § 1915(g). Specifically, the court found the following:

> Not only has Plaintiff filed at least three actions or appeals that have been dismissed as frivolous or failed to state a claim upon which relief may be granted, but he erroneously asserts that he has not filed such actions or appeals. Further, he does not assert that he is seeking relief because he is under imminent danger of serious physical injury. As a result, Plaintiff will not be permitted to proceed *in forma pauperis*. Notably, Plaintiff's recent attempts to proceed *in forma pauperis* with civil actions in other courts have also been rejected. Specifically, on April 1, 2013, the United States District Court for the Central District of California issued an order denying a motion for leave to proceed *in forma pauperis* filed by Plaintiff in that court pursuant to the "three strikes" provision in 28 U.S.C. § 1915(g). *See Parks v. Ferguson*, Civ. No. 5:13-CV-00470 (C.D. Ca. Apr. 1, 2013). The court here will proceed in the same manner. However,

> should Plaintiff desire to file an action and pay the full filing fee of
> $350.00 prior to commencing suit, he may do so.

(Doc. 11 at 4-5.) In addition, the court cited several actions filed by Plaintiff which had been previously dismissed on grounds that they were frivolous or failed to state a claim upon which relief may be granted. (*See id*. at 2-3) (citing *Parks v. Reans*, No. 12-5671 (6th Cir. Jan. 7, 2013); *Parks v. Bledsoe*, Civ. No. 12-CV-0848 (M.D. Pa. Aug. 29, 2012) (dismissed habeas petition "without prejudice to Parks' right to pursue his claim in a properly filed civil rights action" since "his claims [were] not properly asserted in a habeas petition brought under 28 U.S.C. § 2241"); *Parks v. Reans*, Civ. No. 6:10-CV-000278 (E.D. Ken. May 21, 2012); *Parks v. Williams*, Civ. No. 1:99-CV-02420 (D.D.C. July 15, 2004); *Parks v. Williams*, Civ. No. 01-CV-0287 (E.D. Va. Nov. 6, 2001)).

Consequently, Plaintiff has filed the instant motion for reconsideration. (Doc. 14.) In his motion, Plaintiff disputes whether the cases reviewed and cited by the court in support of the "three strikes" provision can be properly classified as strikes. He also claims that the court has held him to a heightened standard of pleading. After careful review, the court will deny the motion for reconsideration.

**II.**  **Discussion**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration of judgment is an extraordinary remedy, and such motion should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Applying the standard used when a party seeks reconsideration, the court concludes that Plaintiff has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, Plaintiff's arguments regarding whether the cases cited by the court constitute "strikes" for purposes of the "three strikes" provision do not constitute new evidence that was unavailable when the court determined that these cases were in fact "strikes," as the court has already reviewed these cases. Further, there is simply nothing to support Plaintiff's nonsensical argument that the court held him to a heightened pleading standard in its review of the complaint pursuant to the PLRA. While Plaintiff may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: September 18, 2013.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRELL JAMES PARKS,** : | **CIVIL NO. 1:13-CV-00742** |
| **Plaintiff** : | (Judge Rambo) |
| v. : | |
| **CHARLES E. SAMUELS, JR., et al.,** : | |
| **Defendants** : | |

# **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 14) is **DENIED**.

                                                     s/Sylvia H. Rambo
                                                   United States District Judge

Dated: September 18, 2013.